LEE, J.
The only question in this case is that raised, by the instruction asked for by the defendant in error upon the trial. The declaration unlike that in Jackson v. Jackson, 10 Leigh 448, sufficiently avers a consideration for the draft or .order which it describes, but as when it was produced at the trial no consideration was expressed upon its face and it was not. stated to have been made “for value received,” the question made, was whether the jury could from the paper alone infer such a consideration moving from the defendant in error to the plaintiff’s intestate as would entitle him to recover without further evidence.
If the order in question were good as a bill of exchange it cannot be questioned that the party might have recovered upon it without averring in his declaration or proving at the trial that any value had been received for it, as such a bill is presumed to stand on valuable consideration and prima facie to import it. Bayly on Bills, ch. 1, § 13, p. 40; Macleed v. Sneed, 2 Str. R. 762; Poplewell v. Wilson, 1 Id. 264; Philliskirk v. Blackwell, 2 Maule & Sel. 395; Wilson v. Codman’s ex’or, 3 Cranch’s R. 193, 207; Hatch v. Trayes, 11 Adolph & El. 702; 39 Eng. C. L. R. 207; Jones v. Jones, 6 Mees. & Welsb. 84; Bayly on Bills, ch. 9, p. 390; Coombe v. Ingram, 4 Cowl. & Ryl. 211. But
I think it clear that this paper cannot be regarded as *a bill of exchange, nor as carrying with it the exemption pertaining to that class of securities from the necessity of both averring and proving a sufficient consideration as the condition of recovering upon it. To constitute a good bill of exchange, the sum- to be paid must not only be in money and certain in amount, but it must be payable absolutely and at all events. If it be payable out of a particular fund or upon an event which is contingent, or if it be otherwise conditional, it is not in contemplation of law a bill of exchange. Roberts v. Peake, 1 Burr. R. 323; Carlos v. Pancourt, 5 T. R. 482; Chitty on Bills, ch. 5, p. 152 et seq. ; Bayly on Bills, ch. 1, § 6, p. 16 et seq. ; Story on Bills, § 46; Crawford v. Bully, Wrights R. 453; Van Vacter v. Flack, 1 Smedes & Marsh. R. 393; Hamilton v. Myrick, 3 Pike’s R. 541. Here, the sum to be paid is not payable absolutely and at all events. It is payable out of a particular fund to wit the moneys, if any, in the hands of the drawee belonging to the drawer. The draft therefore cannot be treated as a bill of exchange, nor can a recovery be had upon it as such.
So, again, if the paper in question contained an express promise to pay the sum mentioned upon which an action of debt might be maintained under our statute, I incline to think that the recovery might be had without further proof of consideration. If debt would lie upon the paper, it would be evidence of such indebtedness as would be a sufficient consideration for the promise to pay in the action of assumpsit.
The case of Jackson v. Jackson, above cited, so far as it is of any authority, having been decided by a court equally divided, shows that it is not necessary in such a case even to aver a consideration. Por the declaration without averring such consideration was sustained by the court below, and that judgment was affirmed by the division of this court. But it is unnecessary *to go into this question in this case, because whilst the declaration in all its counts sufficiently avers a consideration, it is not pretended that the paper offered in evidence contained any thing that could by any construction be held to be an express promise to pay the sum of money mentioned in it. And not being a bill of exchange, no promise is raised by law in favor of the payee against the drawer from the failure of the drawee to accept or to pay. Josceline v. Lasserre, Portesc. R. 281; S. C. 10 Mod. R. 294, 316; Jenny v. Herle, 1 Stra. R. 591; S. C. 2 Ld. Raym. R. 1361; Haydock v. Lynch, 2 Ld. Raym. R. 1563; Banbury v. Lisset, 2 Stra. R. 1211; Dawkes v. DeLorane, 3 Wils. R. 207; S. C. 2 Wm. Black. R. 782; Nichols’ adm’r v. Davis, 1 Bibbs’ R. 490; Mershon v. Withers, Id. 503; Carlisle v. Dubree, 3 J. J. Marsh. R. 542.
The case of Jolliffe v. Higgins, 6 Munf. 3, might seem at first blush from the reporter’s syllabus of the point decided, to be somewhat in conflict with the principles above stated; but upon closer examination, I think the decision will be found to be in perfect harmony with them and to be abundantly sustained upon the case itself. No reasons are assigned by the court for affirming the judgment, but upon the report of the case, I think we can see ample, grounds on which to vindicate its correctness without disturbing any of the principles to which I have adverted. The action was assumpsit and the declaration counted specially on the draft or order set out, and also for monejr had and received by the defendant to the use of the plaintiff. The plea was the general issue ; and at the trial, the defendant demurred to the evidence. This consisted of the draft or order described in the declaration by which the drawer (the defendant) directed the drawee (Waite) to pay to the plaintiff the sum of one hundred and eight dollars and eighty-five cents which the order stated he (the drawer) had lodged in the hands of the ^drawee and was the property of the payee as guardian, &c., with proof of non-payment by the drawee, and protest therefor, and notice to the drawer; and also that the drawer had never deposited any such funds or other funds whatsoever with the drawee. Now, I do not think it by any means clear that the order was not good as a bill of exchange. Mr. Wickham for the plaintiff in error, it is true, contended that it was not because it was not made payable to order, and was drawn on a particular fund; and this Mr. Leigh appears to have conceded. Formerly it was doubted whether it was not essential to the character of a bill of ex *783 change that it should be payable, e. g. to A or his order or to bearer. But it is now well settled that it is not essential to the •character either of a bill of exchange or of a promissory note that it should be negotiable. Chadwick v. Allen, Str. R. 706; Smith v. Kendall, 6 T. R. 123; The King v. Box, 6 Taunt. R. 325; Burchell v. Slocock, 2 Ld. Raym. R. 1545; Bayly on Bills, ch. 1, $ 10, p. 33; Chitty on Bills, ch. 5, p. 181; Story on Bills, 'i 69. And it may with great force be contended that the order to pay was neither conditional nor restricted to any particular fund, but as well as can be ascertained from the statement of the case, was absolute and unconditional to pay the amount. It is true it was added that the drawer had lodged the amount in the hands of the drawee and that it was the property of the payee. Whether this statement was true or false would not affect the character of the order. The theory of -every bill of exchange is that the drawer has funds in the hands of the drawee subject to his order, and whether this be true or false the character of the bill is the same. See Story on Bills, § 13. The reason given for making the draft would not necessarily change the absolute character of the order, or whether true or false, effect its legal character and incidents. It would seem to fall *rather within a class of cases which are carefully distinguished from those in which the order is to pay* out of a particular fund, although at first glance they might seem to be of them. Thus a bill drawn by a freighter payable to a person entitled to receive the freight “on account of freight,” is good, for it is not payable out of a particular fund but merely shows to what account it is to be applied or what is the value that has been received. Pierson v. Dunlop, Cowp. R. 571. So a bill for money as “the drawer’s quarter’s half pay by advance” is good; for it is not payable out of a particular fund but is to be paid in advance; and will be payable whether the half pay ever become due or not. Macleed v. Snee, 2 Stra. R. 762. And so specifying the fund in any other manner -out of which the value was received for which the bill is drawn will not vitiate the bill; thus stating “value received out of the premises in Rosemary Lane,” or “being a portion of a value, as under, deposited in security of payment hereof;” or “on account of wine had by' me” (the drawer) ; or “being so such due by me to A. at Lady-day next.” In these cases the bill is not payable out of a particular fund, but it only specifies the value received and the occasion of the draft. See Haussoullier v. Hartsinck, 7 T. R. 733. Bayly on Bills, p. 18; Story on Bills, § 47.
But if the order could not be treated as a bill of exchange, certainly from its terms it might be fairly and legitimately inferred that the defendant had had in his hands money belonging to the plaintiff which he had failed to pay over to him and which he falsely pretended by the order he had lodged in Waite’s hand for him. The amount therefore would clearly be recoverable in an action for money had and received and the demurrer to the evidence could not avail the defendant.
The court may therefore have thought either that *the order in this case was good as a bill of exchange, or that the evidence was sufficient to sustain the second count of the declaration, and that the judgment was therefore right, and should be affirmed.
All contracts by our law must be either contracts by specialty or contracts by parol. If not by sealed instruments, they are parol whether verbal or in writing, and if in writing, whatever may be the rule of the civil law, or whatever the doubt created by the remarks of Lord Mansfield and Justice Wilmot in Pillans v. Mierop, 3 Burr. R. 1668 et seq., there must be in general a sufficient consideration to support them, just as if they were proved by parol evidence only. The authorities for this proposition are numerous and familiar, and I deem it unnecessary to stop to cite any. Commercial paper and perhaps promises in writing for the payment of money on which debt would lie under our statute, constitute exceptions to the rule, but otherwise it is rmiversal and pervading. Accordingly, the defendant in error recognizing the rule and its applicability to this case, asked the court to instruct the jury that they' might infer the consideration from the paper itself, and the court gave the instruction asked. The whole case then is resolved into the enquiry whether the paper does of itself, furnish proof of a legal promise and a sufficient consideration?
Now I apprehend that a pajjer of this character can only be said to furnish such proof, where the consideration is stated in it or it is stated to be for value received, or some equivalent, or where the terms in which it is expressed are inconsistent with any other theory than that it was upon a consideration. If those terms are just as consistent with the theory of a total want of consideration as they are with that of its existence, it would seem impossible to say that they afford such a legal presumption that the paper was founded on a consideration as would justify the jury *in finding it as a fact. In the paper in question, no consideration is stated nor is the draft stated to be made “for value received, ’ ’ nor are any equivalent terms used showing that it was made for a consideration. And taking all the terms of the paper together they are at least as consistent with the theory of an absence of all consideration as they are with that of any' value received. The terms of the order would admit equally w'ell of several different constructions. The drawer might have known that he had just such a sum in the hands of the drawee and intended merely to give authority to the latter to deliver the same to the payee for him. Or without knowing whether the trustee had received funds for him or not, might have merely given the order if he had, to authorize the *784 payee to receive them for him as his agent. The counsel for the defendant in error, it is true, asserts that the order was drawn at a time and at a place at which the plaintiff’s intestate might have as conveniently drawn his funds from the hands of the drawee himself as Booker the payee could do it for him. Nothing of this however appears in the record, nor does it appear, as is also alleged, that the intestate was a partner of the firm of Norvell & Averett. If these facts would have influenced the case they were not before the jury, there being, as has been stated, no evidence whatever except the order itself and proof of non-payment, and that there were no effects out of which it could be paid. So, it is perfectly inconsistent with the terms of the order, that it may have been drawn for the purpose of loaning the amount to the payee if the drawer had the funds in the hands of the drawee, or of making a gift to him of the amount if it could be had. Either of these hypotheses and others that might be suggested are just as reasonable as that insisted on by the defendant in error that the order was given in discharge of a debt due him from *the payee; and I cannot think the circumstance that the order calls for interest on the sum named from a given day is of such conclusive import as is attributed to it by the counsel. Whilst it is strictly consistent with the existence of a debt that was thereby settled, it is not inconsistent with either of the other hypotheses suggested.
The court having given the instruction asked for, ignored all the other hypotheses than that of a debt due to the payee from the drawer or of value received by the latter; and as the jury were told they might infer a consideration from the paper itself, they could only regard it as peremptory to them to make that inference, because if they might infer it, it was their duty to infer it; and to say that they might infer it was equivalent to saying that they must infer it because it was a matter not depending on the weight of evidence or force of circumstance but simply upon the legal import of the paper itself.
I think the Circuit court erred in giving the instruction asked for, and am of opinion to reverse the judgment.
ALLEN, P., and DANIEL, L, concurred in the opinion of Lee, J.
MONCURE, L, concurred in the result.
Judgment reversed.